JAMES LAKE ADMR. &c. OF ELIZABETH LAKE DEC. v. DAVID PARK EXECUTOR &c. OF JOSEPH LANNING DEC.

In Error to the Circuit Court of the county of Hunterdon.

Where an executor is liable to be called upon at any time for the payment of a legacy, and there are no directions in the will to put it out at interest, he is not chargeable with interest thereon, unless it is made to appear that he has used the money in trade, or by loan, or had mingled it with, or used it in common with his own.

*W. Halsted* for plaintiff in Error.

*A. Wurts* for defendant in Error.

This cause was submitted to the court upon the record and the errors assigned, accompanied with a statement of the evidence below, in the nature of a bill of exceptions, without argument. The principal question is, the amount of interest with which the defendant should be charged upon the legacy given to the plaintiff's intestate, by her father the defendant's testator.

The opinion of the Court, was delivered by

WHITEHEAD, J.   By the state of the case it appears, that Joseph Lanning, the testator, by his will dated 15th March, 1814, bequeathed to his daughter Elizabeth Lake, the sum of two hundred and twenty dollars, and died on the 1st day of April, 1814, at his residence in the county of Hunterdon.   The defendant proved the will on the 12th day of the same month of April, 1814, and took upon himself the administration of the estate.   The legatee, several years prior to her father's death, intermarried with one Richard Lake, and removed with him to North Carolina and from thence to Georgia, where he died in the year 1800, leaving his wife the legatee above named and several children by her, surviving him.   The legatee continued to reside in Georgia, until some time in the year 1816, when she died.

On the 29th day of July, 1839, letters of administration upon the estate of the said Elizabeth, were granted by the Surrogate of the county of Hunterdon, to the plaintiff; who, soon after tendered to the defendant a refunding bond pursuant to the statute, and demanded the legacy with all the interest which had accrued thereon, from the expiration of one year after the testator's death. The defendant admits his liability to pay the said legacy with interest up to the 29th day of July, 1817, when his final account of the administration of the deceased, was allowed by the Orphans' Court, showing a balance then in hand of three hundred and ninety-seven dollars, after paying all debts, expenses and legacies, except the legacy in question and a small legacy of twenty dollars to one Elizabeth Lanning; but objects to the pay-

ment of the interest since that time.   His allegation is, that since that time he has had the money in hand ready to pay over to any person authorized to receive it.

It appears by the case, that about fourteen years ago, two individuals representing themselves to be the sons of the legatee, called on the defendant and requested him to pay to them the legacy.   The defendant upon that occasion told them, " the money was in his hands, ready to be paid to any person or persons entitled to receive it, but refused to pay the same over to them, until they satisfied him, that they were legally authorized to demand and receive it."   It does not appear by the case, that they ever after called on defendant, or exhibited to him any evidence of their authority to receive the money.

About four years ago, one John Lake, an uncle of the plaintiff, called on the defendant and stated, that he had administered on the estate of the said Elizabeth Lake, and requested payment of the legacy, to him.   The defendant upon that occasion admitted, that the legacy was in his hands, and would pay it to him, if upon · inquiry, it was ascertained, he was entitled to receive it ; but no further demand was made upon him by the said John Lake.

It is further admitted by the state of the case, that neither the plaintiff nor any other of the heirs at law of Elizabeth Lake dec. are at this time residents of this state, nor have they been, at any time since the death of Joseph Lanning, the testator.

Under these circumstances, for what time is the defendant legally chargeable with interest?  If it appeared by the state of the case, or if it could be reasonably inferred from the facts therein stated, that the executor had used this money in trade or by loan ; or had mingled it with, or used it in common with his own, he ought, according to the principles settled by this court, in the *Administrators of Voorhees* v. *The Executors of Voorhees*, 7 *Halstead*, 145, to be chargeable with interest.   I can find however, nothing in the case to justify such an inference.   The legatee died in the state of Georgia, in 1816, and the defendant's final account was allowed and approved by the Orphans' Court in 1817 ; he was consequently liable to be called upon at any time afterwards, for the amount of the legacy, by her representatives. Upon the only two occasions when he was called upon to pay by persons professing to be authorized, he stated he had the money

in hand and was ready to pay, if they had authority to receive it ; but in neither case was there any authority exhibited to him. It being his plain duty to be prepared to pay this legacy at any time when properly demanded, ought he to have invested the money? I think not. There were no directions in the will for him to do so, as was the case in 7 *Halsted*, above referred to. And had he invested it upon mortgage security or otherwise, it must have been at his own risk. The law imposed upon him no such obligation. Besides, had he, with the view of advancing the interest of the legatee, loaned the money upon freehold security, for any definite period of time, he might have been called upon for payment before the expiration of that period, and his conduct in this respect, however honest and praiseworthy, would not have constituted a defence at law, in an action against him for the legacy. The legatee or her representatives might, notwithstanding, insist upon immediate payment, and if refused, the executor would be subject to a prosecution for the same, with costs.

In my opinion, the plaintiff is entitled to recover the legacy with the interest thereon, after the expiration of one year from the death of the testator, to the time of the final settlement of the defendant's accounts in the Orphans' Court, at the rate of seven per centum per annum, and under the pleadings in this case, with the further interest thereon, since the demand was made, or action brought, as the case may be.

The judgment of the Circuit Court having been rendered for the legacy with full interest up to the date of judgment, must be reversed.

There is another error apparent upon the record. The judgment is rendered against the defendant personally, when it should have been against him in his representative capacity.

*Judgment reversed.*